**QIANG SUN, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-72106

United States Court of Appeals, Ninth Circuit.

Submitted January 16, 2018 *

Filed January 22, 2018

Jeremy Frost, Attorney, Law Offices of Jeremy R. Frost & Associates, Los Angeles, CA, for Petitioner

Qiang Sun, Pro Se

Arthur Leonid Rabin, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Qiang Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to where Sun sought medical treatment after allegedly being beaten, and when he first decided to leave China. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Sun's explanation as to why he testified inconsistently about when he first left China does not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Sun's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Substantial evidence also supports the agency's denial of Sun's CAT claim because it is based on the same testimony the agency found not credible, and Sun does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id.*

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).